Good morning. Good morning, Your Honors. Matt Campbell from the Federal Defenders of Eastern Washington and Idaho on behalf of Mr. Armenta, going to attempt to reserve three minutes for rebuttal. In this case, the district court asked the wrong question when it sought to determine whether Mr. Armenta's prior unlawful imprisonment conviction was a crime of violence. The district court asked what happened. The district court then sought to answer this question by delving into the state court records, sifting through police reports and weighing facts in order to determine if Mr. Armenta actually acted violently in committing the charged offense. Since we don't have a lot of time, can I just get right at least to the question that bothers me? I'd appreciate it. It seems to me that the district court was clearly trying to apply the modified categorical approach because the statute is broad. On the other hand, the question I want to ask you is, is the statute broader than rather than missing an element of the generic crime? Your Honor, our position is that it's clearly missing an element of the crime. Specifically, the element is violent physical force as that term is defined under federal law. If that element is in fact missing under Navarro-Lopez, there would be no modified categorical approach. Agreed, but if the term restrain is broader than the generic crime, wouldn't what the district court tried to do here fit into the concept that we discussed in Navarro-Lopez? No, Your Honor, I believe it would not. For the reason that under the unlawful imprisonment statute, a court is never required to find violent physical force. Under Washington state law, all that's required is an offensive touching. Pure Newtonian force is all that's ever required under Washington law in order to make a finding that force was used. So even if we assume, which we don't, that the superior court in the unlawful imprisonment case convicted based on the force version of unlawful imprisonment, that doesn't mean that they convicted on violent force. Do you agree that under Navarro-Lopez, if we find that the language is not as limited as you suggest, but rather that it's broader than the generic crime, that we can consider the modified categorical analysis? If the court found it broader but not missing an element, then as a matter of law, Navarro-Lopez would say one could use the modified categorical analysis. Right, right. So isn't that really our struggle here to determine whether the statute, the Washington statute, is broader than the generic crime as opposed to missing an element altogether, which I gather is your position? I would say that's the initial struggle. Certainly, if it's missing an element, then we never get to the modified categorical approach and we win. However, if we do get to the modified categorical approach, then I don't believe that means that Mr. Armando loses. What happens then? Assuming we get to the modified categorical approach, the courts would then be allowed to look to the judicially noticeable documents in order to determine whether, in fact, he was convicted of a violent crime. In this case, we would argue that even if we get there, we still can't make that proof because under Perez and Mukasey and Navarro-Lopez, it's the elements that matter, not the individual facts. And here, the elements of unlawful imprisonment, again, do not require violent physical force. So the superior court sitting on the unlawful imprisonment case was never asked to make that determination. Since it was never asked to make that determination, none of the facts which were arguably found. Let me just – I'm looking right now at the plea agreement. And the second part in terms of elements of the crime are, it says that such restraint was without that person's consent or was accompanied or accomplished by physical force, intimidation, or deception. Do you agree with that? He signed that document, right? Yes. And are we entitled to consider that? Again, assuming we get to the modified categorical analysis. Yes. I mean, one could consider the plea agreement. I would concede that point. Okay. All right. And if we do, doesn't that language create a bit of a problem for you in terms of arguing that it's only missing an element rather than being too broad? Well, again, the plea agreement would only satisfy Washington state law. So it would not satisfy the point that it's violent physical force. It would only satisfy that it's Newtonian force or an offensive touching. And I think if we look to the information that's charged in this case, which is found in a supplemental excerpt, page 30. What are we to make of the statement that your client made? And I want to just read this here. It says, instead of making a statement, hold on a second here, I agree that the court may review the police reports and or statement of probable cause supplied by the prosecution to establish a factual basis for the plea. What does that mean in this situation? It would mean that those particular documents the defendant was stating that the court could review and use as a factual basis. However, Ninth Circuit case law makes clear that the only facts which are admitted by a defendant are the facts necessary for a conviction. So since violent physical force is not necessary for a conviction, the fact that there are arguably facts in that police report that could support a violent conviction is not determined. If I'm understanding you correctly, you're going back to the Navarro-Lopez concept that if a plea or rather if a statute is missing an element of the crime, we can never go beyond that. It doesn't sound like you're letting us get into the analysis of a modified categorical analysis. Is that right? That's my initial point, but that's not what I'm trying to say here. What I'm trying to say here is even if we can go to those documents to look at the facts, Ninth Circuit case law would say that the only facts which the court was required to find at the time of the conviction were the facts necessary in order to convict. Even if it's too broad, if the statute is broader than the generic crime? I believe that's the case. Doesn't Navarro-Lopez itself say that? I have not come across case law that says that every fact in a police report is necessarily admitted even if it's irrelevant to the crime. Certainly in this case where he says it's okay, wouldn't that be a factor? I think it would mean that the court could determine that the court could find the facts that are necessary for the conviction. That strikes me as almost being a circular argument that the facts necessary for the conviction depend on what the elements of the crime are, which goes back to the question of whether you should even be in the modified categorical world. I would concede that there is a certain circular nature to it, but that's what Taylor instructs. Taylor instructs us that the only facts which are admitted are those which are necessary. So I don't believe that the police reports are taken as completely truthful. If the elements of the crime are broader than what you're arguing, I think that's what I'm hearing Judge Smith ask, and I have the same question. If the elements are broader than the ones that you're proposing and you actually get to the modified categorical, then your client's essentially admitting facts which would qualify under that broader set of elements, is he not? If the elements are broader and the facts are necessary, then I suppose that would be an admission. I would concede that. Do you want to say something? Okay, great. We'll hear from the government. Good morning. May it please the Court. Alison Gregoire on behalf of the United States. In determining whether or not unlawful imprisonment under Washington law qualifies as a crime of violence under 2L1.2, several, obviously that guideline lists several enumerated crimes, none of which are relevant here, or a crime which has an element of the use, threatened use, or attempted use of force. Unlawful imprisonment under Washington law can be committed three different ways. Can I just stop you for one second? Does the government agree that 9A40.040 does not categorically constitute a crime of violence? Yes. Okay. So what we're really talking about here is if the government is going to prevail, you have to show we can get into the modified categorical approach, and you can only do that if the legislation is broader than what's necessary here. Correct, Your Honor. Do you agree? Yes, Your Honor. And why in this case should we find that the statute is broader? Because the statute, Your Honor, is divisible just against a competent adult, taking out the juvenile and the incompetent. The statute can be committed three different ways. The offense can be committed three different ways, and is therefore really encapsulates three distinct crimes, and therefore the district court judge was correct in applying a modified categorical approach in determining which of those crimes defendant had been convicted of, knowing restraint by deception, knowing restraint by intimidation, or knowing restraint by force. That's why the modified categorical approach was appropriate. And then in seeking to determine which one defendant had been convicted of, defendant did not make a statement on guilty plea, instead asking that the court reference the police reports for a factual basis for his statement. Therefore, the judge properly relied upon the police reports, again, in attempting to ascertain which crime defendant had pled guilty to, which crime he was convicted of. Let's say hypothetically that he had not said, go ahead and look at the police report and so on. Would we be entitled to look at the police report as part of the modified categorical analysis under our case law if he had not said, this is what I want you to look at? Yeah, I do not believe so, Your Honor. Okay, so this is a little unusual in the sense that a police report, which is a non-adversarially produced document, which he didn't sign, is before us. I agree, Your Honor, but he did indicate that he wanted that considered, and his signature is contained on that document. So the state court judge then, spell it out what he did after he said there were three different ways. What happened then? Well, the district court judge then applied the modified categorical analysis. No, no, no, go back with the state judge. What did the state judge do? The state judge, in reviewing the police report, would see that defendant gets into an argument with his victim, having stalked his victim, threatens her, says, come with me. That's to no avail. The threats are to no avail. The victim refuses to go with him. And then defendant physically pulls her by her arm into his van. Therefore, the physical force is not just the basis that stands out to sustain this conviction. It is the basis for the conviction. So is that a finding by the state judge? The state judge did not make any specific findings. I'm sorry. How do we know what the state judge based himself? Your Honor, we know because that is the only way that defendant's plea is provident. Again, defendant attempted to threaten his victim, and the threats did not work. There's no indication of deception in the police reports. The only way that the victim finds her way into defendant's van is pursuant to defendant applying physical force. Isn't the element, though, at least one way you can frame this is the element of the offense of the lawful imprisonment. The issue here is restraint. That's the element. And then the element can be met in three different ways. It can be proved by evidence of force or intimidation or deception. So I have two questions. If that's the case, then how do you get to force being an element of the crime at all? And second, assuming that it is, what about counsel's argument that force is not the same thing as violent physical force? Taking your first question first, Your Honor, the – if an element is something that is required to sustain a conviction, then force is an element in this case. Because restraint in a vacuum means nothing. This Court had to find restraint was accomplished via one of the ways that was set out in the statute. But, I mean, I don't mean – I don't know if this is a semantic argument or whether it's more substantive. The element is restraint. The elements of the crime do not include force. The element of the crime is restraint. And then the statute gives some examples of how restraint can be proved. So is that a legally significant distinction or not? I think no, Your Honor, in that the – what we're really talking about here is legislative drafting preferences in that, agreeably, it would have been clearer to call it an element if they had said, knowing restraint by, all within that same code provision, rather than asking the court to turn pages to determine what that word means. But in that it is something that must be proven in order to sustain a conviction, it is an element. And additionally, this Court, in applying these approaches, typically looks to what is actually made criminal by the – you know, what the offense actually consists of. And to conduct that analysis, that definition is going to have to be referenced. So in that respect, it is an element. And then regarding the Newtonian force question, that is a product that defendant has developed. It doesn't have a basis in the case law. Now, defendant cites to case Pasco v. Ross. Pasco v. Ross had to do with whether or not a city ordinance had been subsumed by a state statute, preempted by a state statute. And that case, first of all, is not typically cited to for that definition. In fact, when this Court goes to define assault under Washington law, it doesn't reference that case. But additionally, it says, right outside of its definitions, as it pertains to assault. Assault is in a different section of the statute, entirely different chapter, in fact, from unlawful imprisonment. But additionally, Your Honor, and perhaps more importantly, Newtonian force would not work in the context of unlawful imprisonment because it has to be a substantial interference with liberty. And the case law bears out that a substantial interference can't be merely an annoyance. It can't be merely an inconvenience. It has to be a substantial interference. Now, when one imagines Newtonian force or slight touching, it simply would not be enough to constitute unlawful imprisonment. And that's why a defendant could not cite to this Court an example of Newtonian force in the context of unlawful imprisonment. What about somebody blocking a doorway? A large, strong person blocking a doorway so that the person that they're restraining can't leave? Well, Your Honor, I guess that wouldn't be force until such time as the person attempted to leave. I don't think I've not seen where the case law has bared out that someone can simply assume that they could not leave. So, again, in order to meet the restraint that's beyond inconvenience, it would have to go beyond Newtonian force. Additionally, not only does the defense not cite a case that stands for Newtonian force, it certainly doesn't cite to the ordinary case being one requiring Newtonian force. There are no further questions? I don't believe so. Thank you, counsel. Your rebuttal. Thank you, Your Honors. Just a couple of points quickly. The government seems to be arguing that since there's multiple ways of committing this offense, it is therefore overbroad. I think Navarro-Lopez essentially contradicts that idea. In Navarro-Lopez, they were dealing with the Calpino Code 32 accessory after the fact, and they admitted quite candidly that it could be committed as a crime of moral turpitude, but said also quite clearly that it need not be, and that moral turpitude was simply not an element of the offense. Can I just call your attention to something in the police report itself, which your client, in signing this, agreed is going to be considered. It says here, Garcia refused to go with Osuna, and he then grabbed her by the arm of her sweater and physically pulled her into the van. While inside the van, Osuna continued threatening to beat her physically and told her she had to stay with him. Now, we're way beyond Newtonian force there. Doesn't your client have a problem if we get to modified categorical analysis? Again, Your Honor, I believe the answer to that would be no. Because you don't think Navarro-Lopez permits us to get to the modified categorical analysis. Well, that's certainly one position, Your Honor. A second position would be that the word intimidation is also an alternate means. So if he can commit this offense via intimidation as opposed to force, then the superior court in taking this plea would be allowed to simply look at the fact that this is a heated confrontation. Thirdly, if we look at the information charged here, he's actually charged with fourth-degree assault in connection with this. So essentially, the prosecutor below didn't even believe that this was a crime of violence. Otherwise, the prosecutor below would have charged second-degree assault. Don't we see all the time, though, that in order to move things a little farther along, there's discussions about dropping more serious charges to try to make it a little easier to prove? Certainly, but in this case, the fourth-degree assault charge was on the initial information. It wasn't an amended information. So there was no plea dealing down to fourth-degree assault. It seems somewhat anomalous to say that it was a crime of violence, a second-degree assault, a strike, which it would have to be, even though he's charged with fourth. And I see my time has run out. Very good. Thank you both very much for your argument. The case just heard, United States v. Armenta, is submitted.
judges: Noonan, M Smith, Cjj Fogel (N. Cal.), Dj